# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-60909
Summary Calendar

NADIA GHANI BARLAS

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 029 121

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nadia Ghani Barlas, a native and citizen of Pakistan, has filed a petition for review of the Board of Immigration Appeals' (BIA) order denying her application for asylum and withholding of removal. Barlas argues that she has a well-founded fear of persecution on account of her membership in a social group, asserting that she is the wife of an American citizen, the mother of two children who are American citizens, and the daughter of a Pakistani man with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

business ties to the United States. Barlas contends that the BIA's decision is not supported by substantial evidence.

When the BIA affirms without opinion, as it did here, this court reviews the immigration judge's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). The BIA's factual findings are reviewed for substantial evidence. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350 (5th Cir. 2002). Under the substantial evidence standard, this court will affirm the BIA's decision unless the evidence compels a contrary conclusion. Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006).

The record does not compel a conclusion contrary to the determination that Barlas lacked a well-founded fear of persecution on account of an enumerated ground for asylum relief. See Ontunez-Tursios, 303 F.3d at 349-50, 352-53. Barlas cannot meet the more demanding standard for withholding of removal given that she cannot satisfy the standard for asylum. See Chen, 470 F.3d at 1138.

The petition for review is DENIED.